# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SALVADOR CASANOVA, § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.: _____ |
| § | |
| GOVERNMENT EMPLOYEES § | |
| INSURANCE COMPANY, § | |
| *Defendant*. § | |

## INDEX OF PLEADINGS ASSERTING CAUSES OF ACTION FILED IN THE STATE COURT ACITON

| Exhibit No. | Description of Document | Date Filed |
|---|---|---|
| B-1 | *Plaintiff's Original Petition With Request for Disclosure* | 03/24/2020 |

# EXHIBIT B-1

Case 4:20-cv-02076 Document 1-2 Filed on 06/12/20 in TXSD Page 4 of 16

Colorado County - District Clerk

Filed 3/24/2020 10:09 AM
Linda Holman
District Clerk
Colorado County, Texas
Chris Girndt

CAUSE NO. ___25612_____

| | | |
|---|---|---|
| SALVADOR CASANOVA § | | IN THE DISTRICT COURT OF |
| Plaintiff § | | |
| § | | |
| VS. § | | COLORADO COUNTY, TEXAS |
| § | | |
| GOVERNMENT EMPLOYEES § | | |
| INSURANCE COMPANY § | | |
| Defendant § | | ____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION with REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, SALVADOR CASANOVA, (herein after referred to as Plaintiff), files this Original Petition against Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY (herein after referred to as Defendant GEICO), and alleges as follows:

**I.
DISCOVERY PLAN LEVEL 3**

1.    Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4. Plaintiff will seek a Court Order with a discovery control plan shortly after Defendant files their Answer.

**II.
CLAIM FOR RELIEF**

2.    Plaintiff seeks monetary relief of not more than $1,000,000. Plaintiff has suffered serious injuries to his hips and has undergone two major surgeries. Thus, Plaintiff reserves the right to modify this amount as the circumstances warrant.

## III.
## PARTIES

3. Plaintiff is an individual resident of San Antonio, Bexar County, Texas. The last three numbers of Plaintiff's ID are, 074 and the last three numbers of Plaintiff's Social Security Number are, 382.

4. Defendant Government Employees Insurance Company is an insurance company licensed to write policies in the state of Texas. This Defendant can be served by serving its registered agent for service, Dan Beacom, at 2280 N. Greenville Ave Richardson, Texas 75082, or wherever he may be found in any manner authorized by the Texas Rules of Civil Procedure. Service of process is requested by private process as authorized by this Court.

## IV.
## JURISDICTION

5. This court has subject-matter jurisdiction over this lawsuit and the damages sought are within the jurisdictional limits of this court.

## V.
## VENUE

6. Venue is proper in Colorado County, Texas, because the accident that forms the basis of this lawsuit occurred in Colorado County, Texas.

## VI.
## FACTS

7. This is a breach of contract/bad faith lawsuit brought against GEICO for failing to defend and pay for a covered loss. The lawsuit arises out of an auto-pedestrian accident that occurred on or about February 26, 2017, wherein Kerwin Allen McMonigal was driving a 2000 Chevrolet C1500 pick-up truck while intoxicated and was driving at a rate of speed greater than the posted speed limit. Plaintiff, along with his family members and children, were in a fenced

Unofficial Copy

playground area at their church. There was a verbal exchange for Mr. McMonigal to slow down. Mr. McMonigal then turned his car around in front of the Plaintiff and tried to block off the exit of the playground so he could talk to Plaintiff.  Unfortunately, Mr. McMonigal unintentionally hit the accelerator when he was trying to stop, and he went into the playground.  Mr. McMonigal was not trying to strike Plaintiff.  In fact, he still does not believe that his vehicle made contact with Plaintiff.  Regardless of what Mr. McMonigal subjectively believes, he did, in fact, strike Plaintiff twice, which proximately caused serious injury to Plaintiff's hips and has required surgical intervention. The responding officers faulted Mr. McMonigal for the collision.

8. At the time of the collision in question, Mr. McMonigal was covered by a liability insurance policy written by Defendant GEICO with limits of $100,000/$300,000. Plaintiff originally sued Kerwin Allen McMonigal and Defendant GEICO obtained representation for him under its duty to defend.  The parties exchanged written discovery, including Interrogatories, where Mr. McMonigal confirmed through his verified responses that his actions were not intentional, but simply a mistake. However, on July 3, 2019, Defendant GEICO sent a letter stating it was denying coverage.  Despite Mr. McMonigal's testimony to the contrary, Defendant GEICO unilaterally concluded that the collision occurred as a result of Mr. McMonigal's intentional conduct. Because Defendant GEICO was denying coverage, it determined to withdraw financing of Mr. McMonigal's representation.  A short time after the July 3 letter, Mr. McMonigal's attorney filed a Motion to Withdraw from the case. The Motion was granted on November 4, 2019.  From that moment forward, Mr. McMonigal was defending himself *pro se*.

9. On February 3, 2020, the parties were called to trial before the Honorable Judge Jessica Crawford.  The case was called, the parties announced ready, evidence was presented and a Judgement was entered by the Court against Mr. McMonigal and in favor of Plaintiff for

Unofficial Copy

$382,216.13. A Turnover Order was also entered allowing Plaintiff to file this action against Defendant GEICO in Kerwin Allen McMonigal's place. A copy of the Court's Judgment is attached hereto and incorporated herein as Exhibit "A" and a copy of the Court's Turnover Order is attached hereto and incorporated herein as Exhibit "B". The deadline to appeal The Court's Order and Judgment has now passed.

## VII.
## ACTION FOR BENEFITS UNDER THE POLICY – BREACH OF CONTRACT

10. Plaintiff incorporates the factual allegations contained in paragraphs 7-9 of this Petition into this cause of action for Breach of Contract. Kerwin Allen McMonigal had an enforceable insurance liability contract with Defendant, and thus, Plaintiff is legally entitled to the contractual benefits due under his policy. Pursuant to the enforceable terms of the agreement, Plaintiff seeks monetary benefits due under the policy, including the amount of the judgment obtained by Plaintiff up to the policy limits. Plaintiff has also been required to incur attorney's fees to prosecute this breach of contract action, for which he seeks recovered herein.

11. Plaintiff timely and properly notified Defendant of his injury and the allegations Plaintiff was making against him. Kerwin McMonigal paid all his premiums and has fully complied with all the conditions of his insurance policy which allows Plaintiff to bringing this suit. All conditions precedent have been performed or have occurred and Plaintiff now seeks damages for breach of contract. Specifically, the insurance policy has a liability limit of $100,000 per incident. The Court's Judgment makes it clear that there were two collisions. Thus, GEICO owes $200,000 under the terms of the insurance policy -- $100,000 for each impact.

Unofficial Copy

## COMMON LAW BAD FAITH INSURANCE PRACTICES

12. Plaintiff incorporates the factual allegations contained in paragraphs 7-9 of this Petition into this cause of action for bad faith insurance practices. As alleged above, Kerwin Allen McMonigal had a valid insurance contract with Defendant, which contract created a duty of good faith and fair dealing. Defendant breached its duty of good faith and fair dealing when: 1) it denied coverage even though it's own insured confirmed the act was not intentional; and 2) they neglected their duty to defend by failing to provide representation to their client. Defendant's breaches proximately caused the Plaintiff's damages. Specifically, Defendant knew that the act was not intentional, however it continued to deny coverage. Defendant's refusal to provide coverage and refusal to provide representation to Kerwin Allen McMonigal constitutes bad faith and a breach of Defendant's common law duty of good faith and fair dealing. Moreover, Defendant GEICO's failure to pay the judgment also constitutes bad faith insurance practices, for which Plaintiff seeks recovery herein.

## VIII.
## DAMAGES

13. Plaintiff seeks $200,000 under the terms of the policy because the judgment obtained in the underlying action exceeds that amount. Plaintiff's damages are within the jurisdictional limits of this court. Plaintiff also seeks mental anguish damages, and punitive damages pursuant to his bad faith cause of action. Plaintiff also seeks prejudgment interest, post-judgment interest and attorney's fees.

## IX.
## JURY DEMAND

14. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

Unofficial Copy

## X.
## REQUEST FOR DISCLOSURE

15. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## XII.
## PRAYER

16. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial Plaintiff have:

1. Judgment against Defendant in a sum in excess of the minimum jurisdictional limits of the Court for Plaintiff's damages;
2. Prejudgment interest;
3. Post-judgment interest;
4. Cost of court;
5. Statutory attorney's fees; and
6. All such other relief, at law or in equity, to which Plaintiff may show to be entitled.

Respectfully submitted,

THE PACKARD LAW FIRM

By: _____
Daniel W. Packard
State Bar No. 00791392
Email: dan@packardfirm.com

Unofficial Copy

Samuel W. Packard
State Bar No. 24043857
Email: samuel@packardfirm.com

1100 NW Loop 410, Suite 104
San Antonio, Texas 78213
Telephone Number: (210) 340-8877
Fax Number: (210) 340-8787


Attorneys for Plaintiff

-7-

Unofficial Copy

# Exhibit A

Unofficial Copy

Filed: 2/3/2020 10:09 AM
Linda Holman
District Clerk
Colorado County, Texas
Chris Girndt

## CAUSE NO. 24867

| | | |
|---|---|---|
| SALVADOR CASANOVA | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | COLORADO COUNTY, |
| | § | TEXAS |
| KERWIN ALLEN MCMONIGAL | § | |
| Defendant | § | |
| | § | 25.<sup>th</sup> JUDICIAL DISTRICT |

## JUDGEMENT ORDER

The Court finds that the negligence of Defendant Kerwin Allen McMonigal proximately caused the occurrence in question which occurred on February 26, 2017. In that occurrence Defendant McMonigal struck the Plaintiff on two separate occurrences. Both impacts caused indivisible injuries to the Plaintiff. The sum of money that would fairly and reasonably compensate Plaintiff Salvador Casanova for his injuries that resulted from the occurrence in question are as follows:

1. **$182,216.13** for the medical care expenses Salvador Casanova paid or incurred in the past.

2. **$0.00** for the medical care expenses that, in reasonable probability, Salvador Casanova will incur in the future.

3. **$50,000.00** for the physical pain and mental anguish Salvador Casanova sustained in the past.

4. **$50,000.00** for the physical pain and mental anguish that, in reasonable probability, Salvador Casanova will sustain in the future.

5. **$50,000.00** for the physical impairment Salvador Casanova sustained in the past.

6. **$50,000.00** for the physical impairment that, in reasonable probability, Salvador Casanova will sustain in the future.

SIGNED this the __10__ day of February 2020

_____
Judge Presiding

2020 FEB 10 P 1:22
LINDA HOLMAN
COLORADO CO. DISTRICT CLERK
FILED FOR RECORD
COLORADO COUNTY, TX

Unofficial Copy

*[signature]*

Samuel W. Packard
State Bar No.: 24043857
Email: samuel@packardfirm.com

Daniel W. Packard
State Bar No: 00791392
Email: dan@packardfirm.com

Packard Law Firm
1100 NW Loop 410 Suite 2014
San Antonio, Texas 78213
Telephone: (210) 340-8877
Facsimile: (210) 340-8787
*Attorneys for Plaintiff*

Unofficial Copy

# Exhibit B

Unofficial Copy

CAUSE NO. 24867

| | | |
|---|---|---|
| SALVADOR CASANOVA<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | COLORADO COUNTY,<br>TEXAS |
| KERWIN ALLEN MCMONIGAL<br>Defendant | §<br>§<br>§ | 25th JUDICIAL DISTRICT |

## TURNOVER ORDER

On this day came on to be considered Plaintiff's Motion for Turnover Order Tex. Civ. Prac. & Rem. Code Ann. § 31.002. Plaintiff appeared by and through his attorney of record and announced ready.

The Court, after considering the evidence, pleadings and argument of counsel, finds good cause for granting the requested turnover.

Specifically, the court finds good cause to order Kerwin Allen McMonigal to turn over any and all causes of action against GEICO arising out of the mishandling of claim number 0802121600108017 which could have been used for satisfaction of Defendant Kerwin McMonigal's liabilities to Plaintiff Salvador Casanova. In short, this order will allow Plaintiff Salvador Casanova to prosecute these causes of action in Defendant Kerwin McMonigal's place.

IT IS ACCORDINGLY ORDERED that Plaintiff's Motion for Turnover Order be and is hereby GRANTED.

SIGNED this the 10 day of Feb. 2020

_____
Judge Presiding

FILED FOR RECORD COLORADO COUNTY, TX
2020 FEB 10 P 1:22
LINDA HOLMAN
COLORADO CO. DISTRICT CLERK

Unofficial Copy

*[signature]*

Samuel W. Packard
State Bar No.: 24043857
Email: samuel@packardfirm.com

Daniel W. Packard
State Bar No: 00791392
Email: dan@packardfirm.com

Packard Law Firm
1100 NW Loop 410 Suite 2014
San Antonio, Texas 78213
Telephone: (210) 340-8877
Facsimile: (210) 340-8787
*Attorneys for Plaintiff*

Unofficial Copy